**John F. WILLIAMS, Petitioner,**

v.

**U. S. RAILROAD RETIREMENT BOARD, Respondent.**

**No. 78–1141.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 27, 1978.

Decided Oct. 3, 1978.

---

Gina Mortimer, Protectionist Vigilant Department, Pine Bluff, Ark., for petitioner.

Dale G. Zimmerman, Gen. Counsel, Edward S. Hintzke, Asst. Gen. Counsel, Leon R. Shure, Gen. Atty., Railroad Retirement Bd., Chicago, Ill., for respondent.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

John F. Williams appeals from the Railroad Retirement Board's denial of his claim for benefits under the Railroad Unemployment Insurance Act, 45 U.S.C. §§ 351 *et seq.* (1970 & Supp. V 1975). We affirm the Board's decision.

■ The Railroad Unemployment Insurance Act [the Act] provides that "[b]enefits shall be payable to any qualified employee for each day of unemployment * * *." *Id.* § 352(a). An employee is qualified for benefits in a particular benefit year—July 1 to June 30 of the next year—if he earned at least $1,000 in the immediately preceding completed calendar year, the base year. If it is his first year of railroad employment, he must also have worked at least five months. *Id.* §§ 351(m), (n), 353. If an employee's claim is denied because he does not meet these requirements for a particular benefit year, he may nevertheless be eligible for subsequent benefit years, but must submit new claims. This is because benefits are paid for each day of unemployment, *id.* § 352(a), and a day of unemployment is defined in part as a day with respect to which an employee has registered at an employment office in accordance with Board regulations. *Id.* § 351(k). To register, an employee must sign a claim form before an unemployment claims agent on the day for which he is claiming benefits, or within six days thereafter. 20 C.F.R. §§ 325.5(a), 325.12(a) (1977). A registration period is generally 14 days, and an unemployed railroad worker comes in every seven days to sign the form, which certifies that he has met the eligibility conditions for the previous seven days.

Williams was discharged from his job as a sheet metal apprentice for the St. Louis Southwestern Railway Lines on May 15, 1973, and registered for unemployment benefits under the Act the same month. In June of 1973, he was informed he was not eligible for benefits for the 1972 benefit year, because he had not had seven months of railroad employment in the base year of 1971, as was required prior to the Act's amendment in 1975. 45 U.S.C. § 353 (1970) (amended 1975). He did not submit timely claims for benefits in the next two benefit years, but renewed his request for 1972 benefits in 1975. He was again informed

that he was ineligible for the reasons given earlier. However, he was also told to file a formal claim and explain his delay in registering, if he felt he was entitled to benefits for the 1974 benefit year because of his earnings in 1973. He did so on December 12, 1975. The claim was denied because he had not registered within the required time, and circumstances under which benefits are allowed in spite of delayed registration under Board regulations were not present. Williams appealed the denial of 1974 benefits through the appropriate levels of administrative review. The decision was affirmed by the Board, and this appeal followed.

The Board's regulations provide two exceptions to the requirement of timely registration for benefits which are relevant to Williams' claim. An employee may register within six months of a day of unemployment if his delayed registration is due to "any * * * circumstance or condition directly affecting him and not attributable to any lack of diligence on his part * * ." 20 C.F.R. § 325.12(c)(3). In addition, if he was given misinformation by an unemployment claims agent or an employee of the Board, he may register as late as one year from the day of unemployment claimed. *Id.* § 325.12(c)(4).

The Board decided that Williams did not have good cause for his delayed registration and that the delay was a result of his lack of diligence and not misinformation given him by a Board employee. It concluded that Williams, a college graduate, had been provided with sufficient information on eligibility requirements and the need for timely registration. The information was contained in a pamphlet given Williams at the time of his initial application for benefits and in a Certificate of Service Months and Compensation, a statement of Williams' 1973 earnings which advised employees who thought they might be eligible for 1974 benefits to report to a claims agent. Even if Williams were ignorant of the registration requirements, the Board held that lack of knowledge of eligibility or registration requirements is not a circumstance which excuses timely registration within the meaning of 20 C.F.R. § 325.12(c)(3).

Williams contends that during an interview in 1973, a Board employee misinformed, misled, and failed to properly advise him concerning his eligibility for benefits in benefit years other than 1972. He argues that the informational pamphlet given him at that time was too general, and neither it nor the Certificate of Service Months and Compensation specifically informed him that he should continue to register for subsequent benefit years, even though he was initially denied benefits. Affidavits were submitted by Williams from four individuals, which stated that Williams was not properly informed of his rights and the steps to take after his initial application for benefits had been denied.

The issue on appeal is whether the Board's decision is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law. *Fingar v. United States R.R. Retirement Bd.*, 402 F.2d 544, 547 (5th Cir. 1968), *cert. denied*, 395 U.S. 939, 89 S.Ct. 2006, 23 L.Ed.2d 454 (1969); *Southern Dev. Co. v. R.R. Retirement Bd.*, 243 F.2d 351, 353 (8th Cir. 1957). The Board's findings of fact, "if supported by evidence and in the absence of fraud, shall be conclusive." 45 U.S.C. § 355(f).

▉ Nothing in the record indicates that Williams received misinformation from a Board employee. Indeed, Williams testified that the Board interviewer simply failed to say anything at all concerning the possibility that he would be eligible for benefits for a benefit year other than 1972. We find substantial evidence to support the Board's decision that benefits could not be paid on the basis of delayed registration pursuant to 20 C.F.R. § 325.12(c)(4).

▉ There is some evidence to support the view that Williams was ignorant of his possible eligibility for benefits in the 1973 and 1974 benefit years. Nevertheless, we hold that the Board's decision that Williams' ignorance did not constitute a circumstance excusing delayed registration within the meaning of 20 C.F.R. § 325.-12(c)(3) is supported by substantial evidence and has a reasonable basis in law.

The Board is only empowered to pay benefits under the terms and conditions of the Act and the regulations it has established under the Act's authority. *Cole v. R.R. Retirement Bd.*, 289 F.2d 65, 68–69 (8th Cir. 1961). The Act requires registration for benefits in accordance with Board regulations as a condition for payment of benefits. 45 U.S.C. §§ 351(k), 352(a). Both the Act and the Board regulations require each employer to post Board regulations on submission of claims for benefits. *Id.* § 355(a); 20 C.F.R. § 370.14. However, neither requires personal or actual notice to each potential claimant of his possible eligibility for a particular benefit year. *Cf. Cole v. R.R. Retirement Bd., supra,* (no personal or actual notice of a change in law affecting age eligibility requirement for widow's annuity required). Thus, the Board's decision that, in light of the information Williams had received and had access to, his ignorance did not constitute a circumstance excusing his delayed registration is not plainly erroneous nor inconsistent with the Act or regulations. Accordingly, the Board's interpretation of the Act which it is charged with administering and of its own regulations is entitled to great weight. *See United States v. Nat'l Ass'n Sec. Dealers, Inc.*, 422 U.S. 694, 719, 95 S.Ct. 2427, 45 L.Ed.2d 486 (1975). *See also Udall v. Tallman*, 380 U.S. 1, 16–18, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

In addition, the pamphlet and Certificate, coupled with the fact that Williams is a college graduate and was advised to seek further information from a claims agent, provide substantial evidence to support the Board's finding that Williams was not diligent in seeking information regarding his eligibility and registration requirements. Finding substantial evidence to support the Board's decision and no error of law, we affirm.