Edward WAITS, Jr., Petitioner,

v.

**UNITED STATES RAILROAD RETIRE-
MENT BOARD, Respondent.**

No. 83–1198.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 23, 1984.

Decided March 19, 1984.

Steven A. Bartholow, Deputy Gen. Counsel, Railroad Retirement Board, Chicago,

Ill., for respondent; Edward S. Hintzke, Asst. Gen. Counsel, Thomas W. Sadler, General Atty., Railroad Retirement Board, Chicago, Ill., of counsel.

Tripper Cronkhite, Little Rock, Ark., for petitioner.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HEANEY, Circuit Judge.

Edward Waits appeals from a final decision by the Railroad Retirement Board denying him a disability annuity. Waits argues on appeal that the Board's decision is not supported by substantial evidence, and that the appeals referee failed to allocate the burden of proof properly. We agree and remand to the Board for further proceedings.

Waits was born on November 7, 1933. He graduated from high school and attended business college for four years. After serving in the United States Navy from 1952 to 1956, Waits worked at a liquor store, a restaurant, and a paper company before commencing employment with a railroad in 1967. He served the railroad for over ten years, until July 31, 1977, when he was injured in a train accident on the job.

Waits suffered injury to his neck and developed a numbness in his left arm. His doctors initially attempted conservative therapy; but as this proved unsuccessful, Waits then underwent neck surgery (a cervical fusion). Notwithstanding this surgery, his problems with pain and numbness in his neck, shoulder, left arm and hand persist. The railroad terminated Waits as of March 8, 1979, because of his disability; the parties agree that he is unable to return to his former job.

■ Under 45 U.S.C. § 231a(a)(1)(v), individuals who have completed ten years of railroad service are eligible for an annuity if they have a "permanent physical or mental condition * * * such that they are unable to engage in any regular employment." The standard used to determine inability to engage in any regular employment is the same as that to determine disability under the Social Security Act. *Abernathy v. Railroad Retirement Board*, 716 F.2d 529, 530 (8th Cir.1983); *Burleson v. Railroad Retirement Board*, 711 F.2d 861, 862 (8th Cir.1983).

■ Our review of the record and decision of the appeals referee reveals several errors requiring reversal and remand. Once Waits demonstrated that he was unable to return to his former job, the burden then shifted to the Board to prove that Waits could perform other regular employment. *Jones v. Railroad Retirement Board*, 614 F.2d 151, 154 n. 4 (8th Cir.1980); *see also Jackson v. Schweiker*, 696 F.2d 630, 631 n. 1 (8th Cir.1983). Nothing in the referee's decision indicates that the referee at any time acknowledged this shift in the burden of proof, and thus the case must be remanded on this ground.

■ At the hearing, the referee solicited the testimony of a vocational expert and clinical psychologist, Dr. Douglas Stevens. The referee's hypothetical question to Dr. Stevens assumed that Waits had the residual functional capacity to perform light or sedentary work, and then asked whether there are jobs available for someone with Waits' skills. Dr. Stevens responded affirmatively, but this testimony is clearly based on an improper hypothetical question. Questions posed to a vocational expert should "precisely set out the claimant's particular physical and mental impairments," *Tennant v. Schweiker*, 682 F.2d 707, 711 (8th Cir.1982), and may not assume that the claimant is capable of performing sedentary work. *Simonson v. Schweiker*, 699 F.2d 426, 430 (8th Cir.1983); *McGhee v. Harris*, 683 F.2d 256, 259 (8th Cir.1982). The referee's question suffers this defect.

■■ In failing to set out Waits' particular impairments, the referee's hypothetical question also omitted any reference to Waits' complaints of pain. This omission involves several problems. First, the referee must include in his consideration any allegations of pain; and if he excludes pain

from the hypothetical, he must set forth his reasons for doing so. *Baugus v. Secretary of Health and Human Services*, 717 F.2d 443, 447–448 (8th Cir.1983). No such reasons were set forth in this case. Further, although the referee did make a finding that "the pain felt by the appellant is not so severe as to be in itself disabling," we have held that impairments should not be considered separately but as a whole. *Camp v. Schweiker*, 643 F.2d 1325, 1333 (8th Cir.1981). In this case, the referee neglected to consider the impact of Waits' pain on his ability to work in light of his other restrictions.

Moreover, Dr. Stevens wrote a supplementary report which specifically stated that Waits' discomfort and irritability due to pain kept him from performing sedentary work for longer than about seventy-five minutes. Considering these restrictions as a whole, Dr. Stevens found that Waits could only perform most sedentary jobs on an intermittent basis. Although clerical work involves less use of upper extremities, Dr. Stevens found that Waits "is not equipped to handle clerical work educationally or in terms of achievement."

It thus appears that there is little, if any, light or sedentary work which Waits is capable of performing in his present condition. Although the referee did find that Waits has the education and background necessary to perform clerical work, on remand the referee should clarify and make particular findings on Waits' ability to perform such work in light of his condition as a whole, including his complaints of pain. We note here that we have held on numerous occasions that an ALJ is not free to disregard subjective complaints of pain solely because there is no objective evidence in support of such complaints. *See, e.g., Allred v. Heckler*, 729 F.2d 529, 532 (8th Cir.1984); *Simonson v. Schweiker*, 699 F.2d 426, 429 (8th Cir.1983); *Cole v. Harris*, 641 F.2d 613, 615–616 (8th Cir.1981); *Northcutt v. Califano*, 581 F.2d 164, 166 (8th Cir.1979).

In conclusion, because of the referee's apparent failure to shift the burden of proof, the improper hypothetical put to the vocational expert, and the failure to properly consider Waits' complaints of pain, we remand the case to the Board for further proceedings.