Alvin E. ROMAKER, Petitioner,

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 83–1735.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1983.

Decided May 9, 1984.

Berkemeyer & Barks by John B. Berkemeyer, Hermann, Mo., for petitioner.

Steven A. Bartholow, Deputy Gen. Counsel, Chicago, Ill., Railroad Retirement Bd., Chicago, Ill., for respondent; Edward S. Hintzke, Asst. Gen. Counsel, Arthur A. Arfa, General Atty., Railroad Retirement Bd., Chicago, Ill., of counsel.

Before ROSS, ARNOLD, Circuit Judges, and HARRIS,\* Senior District Judge.

OREN HARRIS, Senior District Judge.

Alvin Romaker appeals from a final decision by the Railroad Retirement Board denying him a disability annuity. Romaker argues on appeal that the Board's decision is not supported by substantial evidence. We agree, reverse the decision of the Board and remand for further proceedings.

Romaker, born August 9, 1937, has an eighth grade education. Throughout his life, he has been employed in various capacities but each job required manual labor. He became a laboror for the Burlington-Northern Railroad on August 1, 1967. His last position required him to "boss" the section work crews, file reports, keep track of each man's time, give assignments and to generally supervise the men. In addition, he performed manual labor with his men.

Petitioner's last day with the railroad was January 25, 1980, when the physician for the railroad required him to be released due to high blood pressure and heart problems. Romaker filed a petition for disability benefits on May 20, 1980. On August 22, 1980, his claim for disability benefits was denied. An appeal was taken on July 28, 1981, to the Bureau of Retirement Claims. After a hearing on September 11, 1981, an opinion was issued by the Appeals Referee denying Romaker's disability claim. An appeal was taken to the Railroad Retirement Board which was denied on June 14, 1982.

Under 45 U.S.C. § 231a(1) individuals are eligible for an annuity if they have

---

\* Oren Harris, Senior District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

a "permanent physical or mental condition ... such that they are unable to engage in any regular employment." The standard used to determine inability to engage in any regular employment is the same as that to determine disability under the Social Security Act. *Waits v. United States Railroad Retirement Board,* 729 F.2d 587 (8th Cir.1984); *Abernathy v. Railroad Retirement Board,* 716 F.2d 529, 530 (8th Cir.1983) *Burleson v. Railroad Retirement Board,* 711 F.2d 861, 862 (8th Cir. 1983).

■ Once a petitioner demonstrates he is unable to return to his former job, the burden shifts to the Board to prove the petitioner could perform other regular employment. *Jones v. Railroad Retirement Board,* 614 F.2d 151, 154 n. 4 (8th Cir. 1980). In this case the record does not reflect the Appeals Referee recognized this burden.

Romaker had double bypass surgery in February, 1980. The evidence introduced at the hearing in the form of coronary angiograms showed both grafts "to be quite patent and appear to be functioning." He occasionally has chest pain but it subsides after he takes his medication.

In addition, the treating physician stated he suffers from high blood pressure. Medication is prescribed for the high blood pressure, but it is extremely difficult to control and his dosages have been increased.

Further, the condition is made even more dangerous by the fact that Romaker does not always experience symptoms of dizziness or headaches when his blood pressure skyrockets. According to his treating physician, Romaker is unable to do any physical work; he opined "petitioner is totally disabled to do any physical work." Appellant testified he had some back and hip trouble but he takes no medication for it. He testified he could safely lift fifty pounds but only once. He can walk a mile a day. Romaker hunts and fishes, changes the oil in his car, and drives his car a couple of times a week.

■ The Appeals Referee utilized the Listings of Impairment at 20 C.F.R. Subpart P, App. 1, of part 404 of the Social Security Regulations and concluded Romaker could not be classified as disabled on medical evidence alone. A review of the decision, however, does not indicate the Referee considered the hypertension problem. His analysis of the claimant's medical evidence merely refers to the heart problems. This was error. The impairments must be considered together. Hence, on remand, the Board must determine whether Romaker can be considered disabled on medical evidence alone when *all* impairments are considered together.

The Appeals Referee did conclude, however, that Romaker could no longer perform his prior work. As previously stated, the burden then shifted to the Board to prove that Romaker could perform some other work in the national economy.

■ Once Romaker demonstrated that he was unable to perform his former work, the burden then shifted to the Board to prove Romaker could perform other regular employment. *Jones v. Railroad Retirement Board,* 614 F.2d 151 n. 4 (8th Cir. 1980); *Waits v. Railroad Retirement Board,* 729 F.2d 587 (8th Cir.1984). Nothing in the Referee's decision indicates the Referee at any time acknowledged this shift in the burden of proof. This, too, requires remand.

Although the Referee did find that Romaker could perform sedentary work, on remand the Referee should clarify and make particular findings on Romaker's ability to perform particular jobs in light of his condition as a whole.

This case is remanded for further proceedings.