Darrell D. ARP, Petitioner,

v.

**RAILROAD RETIREMENT BOARD,** Respondent.

No. 87–2221.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1988.

Decided July 6, 1988.

Rehearing Denied Aug. 4, 1988.

Ann P. Hagan, Mexico, Mo., for appellant.

Rachel L. Simmons, Chicago, Ill., for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Darrell D. Arp appeals from a final decision by the Railroad Retirement Board (the Board) denying him a disability annuity. The Board affirmed the decision of its Appeals Referee denying Arp's application for an employee disability annuity pursuant to the Railroad Retirement Act (the Act).[1] For reversal Arp argues that the decision of the Board (1) violated his fifth amendment right to due process and (2) was not supported by substantial evidence. For the reasons set forth below, we affirm.

Arp was born on December 31, 1930, and has a high school education. Prior to working for the railroad, Arp worked in a feed factory, operated a road grader and bulldozer, and drove delivery trucks. Arp had worked for the railroad for fourteen

---

1. 45 U.S.C. § 231 *et seq.*

years when he was furloughed by the railroad on May 17, 1981. After the furlough and between July 1981 and September 1982, Arp worked as a warehouse foreman for a moving storage company.

Arp's furlough resulted from the railroad's attempt to transfer him to Detroit, Michigan, as a test foreman. Arp testified that preceding the move he had requested advance expenses from the railroad for both himself and his wife because he had experienced previous delays in receiving his expenses from the railroad. The railroad denied his request for the advancement of funds. Arp refused the transfer and the railroad then furloughed him. Subsequently, a mediation board ordered the railroad to put Arp back to work. In the meantime, however, a physician had ordered Arp not to work because of health problems. Arp alleged that his disability resulted from his exposure to toxic chemicals. On January 11, 1979, a train derailed in Sturgeon, Missouri, and spilled over 20,000 gallons of chemicals along 3,000 feet of railroad track. Arp had worked in the clean-up of the chemicals for "twenty plus" working days. During that time, Arp remained in constant contact with the chemicals. Approximately six months to one year after his exposure to the chemicals, Arp began experiencing episodes of weak spells, shakiness, and blackouts.

On December 8, 1982, Arp filed an application for a disability annuity under the Act alleging that he was disabled because of the effects of exposure to toxic chemicals. The Bureau of Retirement Claims denied his application on December 5, 1983, and this decision was upheld upon reconsideration. Arp appealed from the reconsideration decision and on June 4, 1986, a hearing was held. On October 14, 1986, an appeals referee denied Arp's claim.

In her decision, the referee followed the sequential analysis required by the Social Security Regulations to determine that Arp

was not disabled under the Act.[2] The appeals referee found that Arp retained the residual functional capacity for medium work and therefore was ineligible for a disability annuity because Arp's permanent physical or mental condition did not prevent him from performing his past relevant work. Arp appealed to the Board on July 8, 1987. The Board affirmed the decision of the appeals referee with an additional finding regarding the hypothetical fact situations presented by the appeals referee to the vocational witness. This petition for review followed.

Arp alleges that he has suffered a general systematic poisoning of all of his major organs. Arp complained of decreasing energy and memory associated with problems in concentration and attention span, nervousness and moodiness, weak spells and dizziness, high blood pressure, numbness and needlelike feelings in his feet, pain in his right knee and shoulder, numbness in his left hand and foot, shortness of breath, "knots on his body," and intermittent chest pain and scrotal pain. At the hearing before the appeals referee, Arp testified about his weak spells, lumps on his hip and shoulder, breathing problems, pain in his testicles, pain in his knee, numbness in his left hand and left foot, liver problems, chest pains, "bumps in his hair," difficulty hearing high-pitched sounds, and back pain. Arp asserts he is unable to perform work activity on a sustained basis and has been unable to work since September 1982.

■ Arp first argues that the Board violated his fifth amendment right to procedural due process because the Board took over four years and seven months to issue its final decision.[3] We disagree.

It is impossible to evaluate the merits of Arp's argument because Arp failed to raise the issue of delay before the hearing with the appeals referee or before his appeal to the Board. We thus do not reach the merits of this claim.

2. The Board may use regulations promulgated under analogous provisions of the Social Security Act in determining disability under the Railroad Retirement Act. *E.g., Romaker v. Railroad Retirement Board,* 733 F.2d 639, 641 (8th Cir. 1984).

3. We construe Arp to allege that a claimant initially denied benefits has a sufficient property interest in the benefits to be protected by the fifth amendment guarantee of due process. *See, Board of Regents v. Roth,* 408 U.S. 564, 576–79, 92 S.Ct. 2701, 2708–10, 33 L.Ed.2d 548 (1972).

Arp next contends that the decision of the Board is not supported by substantial evidence. He specifically complains that the Board failed to consider (1) his impairments resulting from the exposure to the toxic chemicals, (2) his subjective complaints of pain, and (3) the opinion of the vocational expert demonstrating he is unable to engage in any substantial gainful activity.

 Under 45 U.S.C. § 231a(a)(1)(v), individuals who have completed ten years of railroad service are eligible for a disability annuity if they have a "permanent physical or mental condition ... such that they are unable to engage in any regular employment." The standard used to determine inability to engage in any regular employment is the same as that to determine disability under the Social Security Act. *Romaker v. Railroad Retirement Board,* 733 F.2d 639, 641 (8th Cir.1984); *Abernathy v. Railroad Retirement Board,* 716 F.2d 529, 530 (8th Cir.1983); *Burleson v. Railroad Retirement Board,* 711 F.2d 861, 862 (8th Cir.1983). This court will not disturb a denial of benefits if it is supported by substantial evidence. *Williams v. United States Retirement Board,* 585 F.2d 341, 343 (8th Cir.1978). Substantial evidence is defined as such evidence that a reasonable person might accept as adequate to support a conclusion. *E.g., Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir.1983).

Here the Board's decision that Arp has the residual functional capacity to perform medium work is supported by substantial evidence on the record as a whole. There was evidence that Arp has mild or moderate obstructive pulmonary disease, suffers from occasional chest pains not anginal in nature, and has occasional weak spells, and peripheral neuropathy resulting in some numbness in his left hand and foot. Nonetheless, the referee's determination adverse to Arp specifically addressed evidence in the record inconsistent with Arp's complaints. The referee's determination that Arp's complaints about his medical problems and physical condition were not credible was supported by medical findings,

the absence of clinical findings, the intervals between medical examinations, inconsistencies in Arp's testimony, and Arp's activities, which included driving his car and tractor and pushing the lawnmower.

After review of the record before us, we hold that the Board's determination that Arp was not disabled because he could still perform medium work is supported by substantial evidence on the record as a whole. The petition for review is denied.