**James ROBINETT, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 90–2123.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1991.

Decided April 11, 1991.

Anthony W. Bartels, Jonesboro, Ark., for petitioner.

Arthur A. Arfa, Chicago, Ill., for respondent.

Before McMILLIAN and MAGILL, Circuit Judges, and WOODS *, District Judge.

HENRY WOODS, District Judge.

## I. PROCEDURAL BACKGROUND

The Railroad Retirement Board, adopting the findings and decision of the Appeals Referee, found that the petitioner was not disabled, as prescribed by 45 U.S.C. § 231a(a)(1)(v) [1], so as to be eligible for Railroad Retirement annuities. This court has jurisdiction to hear the petitioner's appeal, pursuant to 45 U.S.C. § 355(f) and 45 U.S.C. § 231g. Because the Board's decision is not supported by substantial evidence in the record, we reverse.

## II. FINDINGS OF THE BOARD

The Board adopted the Referee's findings that the petitioner was a thirty-nine year old man with a medical history which includes two lumbar laminectomies at L3–4 and at L4–5 after having suffered work related injuries. He was found to be suffering from post-laminectomy syndrome with pain and obesity. The Referee found the petitioner's impairments to be severe

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. Title 45 U.S.C. § 231a(a)(1)(v) provides, in pertinent part:
   "The following-described individuals, if they shall have completed ten years of service and shall have filed application for annuities, shall ... be entitled to annuities ...
   (v) individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment."

but not of the level of severity to meet or equal the severity of any impairment listed in Appendix 1, Subpart P, Regulation 4 of the Social Security Administration Regulations.[2]

The Referee found that the petitioner was unable to return to his past work as a railroad mechanic, which she found to be medium to heavy exertional level and skilled. She further found that the petitioner retained the residual functional capacity to perform the exertional demands of "no more than some light work." The Referee found that the petitioner could stand and sit for a total of four hours in a work day.

The petitioner's complaints of severe pain were found to be credible to the extent that he must have an option to sit or stand and adjust his bodily position throughout his work day.

While the petitioner was found to have acquired skills in machine and engine repair and use of tools, the Referee found those skills not readily transferable to significant numbers and kinds of occupations at an exertional level below medium work.

## III. DISCUSSION

■ Our review of the Board's decision is limited to determining whether that decision is "supported by substantial evidence, is not arbitrary, and has a reasonable basis in law...." *Williams v. U.S. Railroad Retirement Board*, 585 F.2d 341 (8th Cir. 1978).

> While we are not free when reviewing an agency decision under this standard simply to substitute our decision for that of the agency, we must set aside the decision if we "cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the [agency's] view." *Universal Camera Corp. v. National Labor*

*Relations Board*, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951).

*Peterson v. United States Railroad Retirement Board*, 780 F.2d 1361, 1364 (8th Cir.1985).

■ While the petitioner bears the initial burden of showing that he cannot return to his previous work, once that finding is made, as in this case, the burden shifts to the Referee and Board to prove that the petitioner has the ability to perform other work, and that such jobs exist in substantial numbers in the national economy. *See e.g. Brown v. Sullivan*, 902 F.2d 1292 (8th Cir.1990); *Folks v. Secretary of Dept. of Health and Human Services*, 825 F.2d 1259 (8th Cir.1987).

The petitioner has been examined by a number of doctors, both treating and consulting. His treating physician, Dr. Green, found that the petitioner could lift twenty pounds occasionally and ten pounds frequently and that he could walk and stand for a total of two hours a day and for thirty minutes without interruption. He found that petitioner could sit for four hours, for no more than one hour at a time, with limitations in reaching, pushing and pulling.

A consulting physician hired by the Board, Dr. Mahon, found that the petitioner could lift up to twenty-five pounds up to two hours a day, and that he could stand or walk for two hours a day and sit for one to two hours in a work day. Significantly, the Board's doctor found the petitioner's activities even more restricted than did his treating physician. Dr. Mahon noted that the petitioner "does represent status post-laminectomy with rather marked impaired functional capacity. He is certainly unable to resume his usual work activities." App. 305.

The petitioner testified that he could stand for two hours, sit for three hours and walk one and one-half hours a day. He

---

**2.** "The Board may use regulations promulgated under analogous provisions of the Social Securities Act in determining disability under the Railroad Retirement Act." *Arp v. Railroad Retirement Board*, 850 F.2d 466, 467 n. 2 (8th Cir. 1988).

**1346**

testified that he could regularly lift ten pounds and occasionally lift twenty pounds.

The Board's vocational expert did testify that there were jobs available in sufficient numbers based on a hypothetical posed by the Referee. The Referee relied on this expert testimony to support her findings. However, the hypothetical posed by the Referee assumed a person could sit and stand for *four* hours uninterrupted, an ability that none of the evidence, medical or otherwise, supports.

There is no "substantial evidence" in this record to support the Referee's finding that the petitioner can stand, sit and walk for four uninterrupted hours a day. Neither the treating physician nor the consulting physician found him so able. Given a hypothetical including the limitations set out by Dr. Green and Dr. Mahon, the Board's vocational expert testified that those limitations would "by and large" eliminate all of the jobs previously identified as possibilities for the petitioner. App. 467.

## IV. CONCLUSION

Viewing the record as a whole, this court cannot conscientiously find that there is substantial evidence to support the Board's conclusion that the petitioner is not disabled. After finding the petitioner unable to return to his past work, the Board failed to carry its burden of establishing the existence of jobs in substantial numbers in the national economy which the petitioner could perform. Accordingly, the decision of the Railroad Retirement Board is reversed.