**John R. SCOTT, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 92–2540.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1993.

Decided April 30, 1993.

Benny M. Tucker, Arkadelphia, AR, for petitioner.

Catherine C. Cook, Steven A. Bartholow, Edward S. Hintzke Jr., and Karl T. Blank, Chicago, IL, for respondent.

Before RICHARD S. ARNOLD, Chief Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge, and HAMILTON,* District Judge.

RICHARD S. ARNOLD, Chief Judge.

John R. Scott asks us to review the decision of the Railroad Retirement Board denying him an occupational disability annuity under section 2(a)(1)(iv) of the Railroad Retirement Act of 1974, 45 U.S.C. § 231a(a)(1)(iv). The Board adopted the decision of the Hearings Officer, who determined that Mr. Scott was not disabled, as defined by section 223(d)(2)(A) of the Social Security Act, 42 U.S.C. § 423(d)(2)(A). Because this decision is not supported by substantial evidence, we reverse and remand for computation and awarding of benefits.

### I.

The Hearings Officer and the Board found that John Scott worked as a machine opera-

tor for the Missouri Pacific Railroad until March 29, 1985, when he hurt his back. This injury developed into severe, chronic back and leg problems, causing him pain and numbness and limiting the length of time he can stand or sit and the amount of weight he can lift. He takes prescription medicine to relieve the pain.

Mr. Scott also suffers from high blood pressure—for which he takes several drugs—and depression. At the time of the Hearing Officer's decision, he was forty-six years old and functionally illiterate. He can no longer do the work he did before the injury, and he cannot transfer the skills he learned at that job to other jobs.

### II.

The Hearings Officer, and by adoption the Board, decided that, while Mr. Scott was not working and suffers from severe impairments, his impairments did not singly or in combination equal any of the impairments listed by the Social Security Administration in the Listing of Impairments, 20 C.F.R. § 404, subpt. P, app. 1 (1992). They found he was not capable of performing the work he had done in the past. They went on to determine that he "retains the residual functional capacity to perform a significant amount of unskilled sedentary work that would enable him to alternate [sitting and standing] every hour to an hour and a half due to pain and discomfort," and that there are significant numbers of jobs available which fit that description.

### III.

We review the decision of the Board to determine whether that decision is supported by substantial evidence. *Universal Camera Corp. v. National Labor Relations Board,* 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951); *Robinett v. Railroad Retirement Board,* 929 F.2d 1343, 1345 (8th Cir.1991).

The Board applied the correct standard: that set out in 20 C.F.R. § 404.1520 (1992). *Arp v. Railroad Retirement Board,* 850 F.2d 466, 467 n. 2 (8th Cir.1988). In section 404.-

---

* The Hon. Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, sitting by designation.

1520, the Social Security Administration designates a five-step procedure for deciding whether someone is disabled. The first two steps of this procedure require the petitioner to prove that he is not presently working and that he has a severe impairment. Step three provides that the petitioner is disabled if the impairment equals one of those listed in section 404, subpt. P, app. 1. Under the fourth step of this procedure, the petitioner bears the burden of proving that he cannot do his former work.

■ The Board found that while Mr. Scott did not have a listed impairment—such as would entitle him to a determination of disability under step three—he carried his burden at the fourth step by showing that he could not return to his past work. The burden of proof then shifted to the other side to prove that Mr. Scott could "perform other work, and that such jobs exist in substantial numbers in the national economy." *Robinett v. Railroad Retirement Board, supra.* This burden was not met.

The record establishes that Mr. Scott's ability to work in the future, his "residual functional capacity," was limited to an unskilled, sedentary job that would allow him to alternate sitting and standing every hour to an hour and a half. To show that such jobs existed, the Hearings Officer called a vocational expert. The expert described what and how many jobs were available to a person with various hypothetical impairments. Each time the expert was questioned about the jobs available to a person with all of Mr. Scott's impairments and other limitations, the expert testified that there was virtually nothing available (Tr. at 319–320, 321–322). The record does not contain any other evidence to satisfy the fifth step. Therefore, the Hearing Officer's conclusion that "there are significant numbers of unskilled jobs remaining which the appellant can do," is not supported by substantial evidence. The decision of the Board is reversed, and the cause remanded with instructions to compute and award benefits.

It is so ordered.