60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Michael S. MARTIN, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 94-3745
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 5, 1995
Filed: July 12, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael S. Martin petitions for review of the final decision of the Railroad Retirement Board (RRB) denying his application for unemployment benefits. We deny his petition.
 
 
 2
 Martin was an Amtrak employee at the Washington, D.C. station, from February 1990, until July 31, 1992, when he resigned. After he resigned, he filed an application pursuant to the Railroad Unemployment Insurance Act (45 U.S.C. Secs. 351-369) for unemployment benefits from August 1, 1992 to October 8, 1992. His application was denied initially and upon reconsideration by the district and regional office of the RRB. He appealed, and presented his case to a hearing officer. He argued that he resigned for good cause because he was being paid less than others with the same qualifications, he was subject to less favorable working conditions than similarly-situated employees, he was pressured to falsify test results, and he was required to work on days he was scheduled to serve Army Reserve duty. The hearing officer denied his claim.
 
 
 3
 Martin subsequently appealed to the RRB. The RRB denied his claim, finding there was no evidence Martin was treated differently from similarly situated employees, and that Martin made no effort to resolve scheduling conflicts between his job and military service obligations.
 
 
 4
 We have jurisdiction to review the final decisions of the RRB pursuant to 45 U.S.C. Sec. 355(f). The RRB's findings of fact, "if supported by evidence and in the absence of fraud, shall be conclusive." Id. Thus, we review to determine "whether the Board's decision is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law." Williams v. United States R.R. Retirement Bd., 585 F.2d 341, 343 (8th Cir. 1978) (per curiam).
 
 
 5
 A former railroad employee is entitled to unemployment benefits as long as he did not leave work voluntarily, 45 U.S.C. Sec. 354(a-2)(i)(A), unless his voluntary departure was for good cause. Id. Sec. 354(a-2)(i)(B). "Good cause" is not expressly defined by the statute, but section 354(e) provides that "no voluntary leaving of work shall be deemed to have been without good cause if the Board finds that such work would not have been suitable." Id. As relevant to Martin's petition, work is deemed unsuitable if "the remuneration, hours, or other conditions of work offered are substantially less favorable to the employee than those prevailing for similar work in the locality," or "acceptance of the work would require him to engage in activities in violation of law." Sec. 354(c)(ii) & (iv).
 
 
 6
 We conclude the RRB's decision is supported by substantial evidence. Martin failed to show he was underpaid or treated differently from similarly-situated employees. He produced no evidence that similarly-qualified individuals performing similar work were substantially better paid; there was no evidence that individuals he identified who he claimed were being paid higher wages held the same positions or were performing similar work. Nor did he show that his working conditions were less favorable than those of employees with similar levels of experience and responsibility. Further, although Martin has a statutory right to be released from employment for military purposes without adverse effects on his employment, see generally 38 U.S.C. Secs. 2021, 2022, 2024(d), the record supports the RRB's finding that on the few occasions that scheduling conflicts existed, Martin did not show he sought and was denied release from work on those days. We also conclude Martin failed to produce evidence which showed that he was pressured to falsify the results of safety tests.
 
 
 7
 We reject Martin's arguments that the hearing officer acted improperly in attempting to obtain a copy of Martin's resignation letter, see 20 C.F.R. Secs. 320.25, 320.28 (1994) (hearing officers allowed to independently obtain available, relevant, and material evidence and place it in record), and that his due process rights were violated simply because his case took two years to proceed through the four-tier RRB administrative process. Martin's motion to correct a word in the transcript of his hearing testimony is granted, but his motion to enlarge the record is denied. See 45 U.S.C. Sec. 355(f) ("no additional evidence shall be received by the court").
 
 
 8
 Martin's petition for review is denied.