# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1348

_____

| | |
|---|---|
| Scott A. Dahl, | * |
| | * |
| Petitioner, | * |
| | * |
| | *　Petition for Review of |
| v. | *　an Order of the |
| | *　Railroad Retirement Board |
| Railroad Retirement Board, | * |
| | *　[UNPUBLISHED] |
| Respondent. | * |

_____

Submitted:　December 7, 2000

Filed:　December 13, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
　　　Circuit Judges.

_____

PER CURIAM.

Scott Dahl petitions for review of a final order of the Railroad Retirement Board (Board). Dahl had filed an application under the Railroad Unemployment Insurance Act, 45 U.S.C. §§ 351-369, for unemployment benefits beginning January 17, 1998, and continuing until April 1998. Benefits were initially awarded, but Dahl's employer contested the award. Following a hearing and Dahl's written response, the Board's Bureau of Hearings and Appeals concluded that the benefits paid ($1,161) had been improperly awarded and that Dahl should return the payment. The Board affirmed. In

support of his petition, Dahl argues (1) the Board erroneously concluded that he failed to make himself available for work during the relevant time, and (2) he was not at fault in causing or accepting the overpayment. For the reasons discussed below, we affirm.

We review the Board's decision to determine whether it is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law. See Williams v. United States R.R. Ret. Bd., 585 F.2d 341, 343 (8th Cir. 1978). Dahl had contended below that he was entitled to unemployment benefits during the winter months because cold weather affected his back and shoulder injuries, and he therefore could not make the 60-mile commute to his assigned workplace during those months. Upon careful review of the record, we conclude substantial evidence supports the Board's determination that Dahl failed to establish good cause for making himself unavailable for his regular assignment during the winter months. See 20 C.F.R. § 327.5(b) (2000) (claimant is willing to work and therefore eligible for benefits if he is "willing to accept and perform for hire such work as is reasonably appropriate to his circumstances" in view of listed factors).

In addition, we conclude the Board's decision not to waive the overpayment of benefits is supported by substantial evidence. While the parties agree Dahl was not at fault in obtaining the payment at issue, he conceded below that he had not changed his lifestyle in reliance on the benefits and recovery would not cause him a financial hardship. See 20 C.F.R. §§ 255.12(a) (2000) (recovery is against purpose of act if recovered from income and resources which individual requires to meet ordinary and necessary living expenses), 255.13(a) (recovery is against equity or good conscience where beneficiary, in reliance on payments, relinquished significant and valuable right or changed position to his substantial detriment), 340.1(a) (recovery of overpayment may be waived when beneficiary is without fault in receiving overpayment and recovery is against purpose of act or against equity or good conscience).

Accordingly, we deny the petition for review.

-2-

A true copy.

Attest:

               CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.