# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1345

_____

Phoebe M. Hudspeth,                  *
                                     *
            Petitioner,              *
                                     *   Petition for Review of a
      v.                             *   Decision of the Railroad
                                     *   Retirement Board.
Railroad Retirement Board,           *      [UNPUBLISHED]
                                     *
            Respondent.              *

_____

Submitted:   August 6, 2003

Filed:   August 12, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Phoebe M. Hudspeth petitions for review of the final decision of the Railroad Retirement Board (Board) denying her application for unemployment benefits and requiring her to repay benefits she had previously been awarded. We deny her petition.

On August 18, 2000, Hudspeth, an employee of the Burlington Northern and Santa Fe Railway Company (BNSF), was given the option to sign a Resignation and Release Agreement containing a severance payment and a release of claims, or be terminated effective immediately. She did not sign the agreement and obtained other

employment. After being terminated from her subsequent job, however, Hudspeth signed a revised Resignation and Release Agreement with BNSF, which stated that she resigned effective August 18, 2000, and included an increased severance payment and a release of claims. She accepted a check for the agreed-upon amount on August 24, 2001.

Hudspeth filed for unemployment benefits under the Railroad Unemployment Insurance Act on March 28, 2001, and was paid unemployment benefits for days of unemployment from February 26 through August 12, 2001. On September 4, 2001, Hudspeth was notified that her receipt of a separation allowance disqualified her from receiving benefits from August 13, 2001, through June 30, 2002. Hudspeth protested the notice, and upon reconsideration the Board determined that her disqualification period should have begun the day after her original termination, resulting in an overpayment. On appeal, the Hearing Officer agreed with the original separation date, resulting in no overpayment, but the Director of Hearings and Appeals (Director) reopened the Hearing Officer's decision and found that all benefits paid to her were recoverable. The Board affirmed and adopted the Director's decision, finding that Hudspeth was disqualified from receiving benefits from August 19, 2000, to February 15, 2002, and thus she had been overpaid $6,050.10.

We have jurisdiction to review the final decisions of the Board pursuant to 45 U.S.C. § 355(f). The Board's findings of fact, "if supported by evidence and in the absence of fraud, shall be conclusive." See id. Thus, we review to determine "whether the Board's decision is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law." See Williams v. United States R.R. Ret. Bd., 585 F.2d 341, 343 (8th Cir. 1978) (per curiam).

A claimant is disqualified from receiving unemployment benefits for any day covered by a "separation allowance." See 45 U.S.C. § 354(a-1)(iii). Hudspeth argues that the payment she received was a settlement for release of claims against BNSF,

and thus was not a "separation allowance" within the meaning of the statute. We conclude that the Board reasonably found that the payment Hudspeth accepted qualified as a separation allowance. Cf. Reed v. R.R. Ret. Bd., 145 F.3d 373, 374-75 (D.C. Cir. 1998) (per curiam) (referring to a payment in exchange for claimant's general release of claims against railroad as a separation allowance). We also reject Hudspeth's argument that the Board violated her due process rights by declining to hold an oral hearing in her case, as Hudspeth did not raise a factual dispute in her appeal to the Hearing Officer, see 20 C.F.R. § 320.25(c) (2003), and the Board was not required to accept additional evidence she could have submitted earlier, see 20 C.F.R. § 320.40 (2003). We further find that Hudspeth's due process rights were not violated when the Director reopened the Hearing Officer's decision, as the Director's actions complied with the applicable regulations. See 20 C.F.R. §§ 349.1, 349.2 (2003). We deny Hudspeth's motion for leave to supplement the record. See 45 U.S.C. § 355(f) ("[n]o additional evidence shall be received by the court").

Accordingly, the petition for review is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-