Junior F. PANDIL, Petitioner,

v.

RAILROAD RETIREMENT
BOARD, Respondent.

No. 83–1349.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1983.
Decided Jan. 11, 1984.

Dale G. Zimmerman, Gen. Counsel, Steven A. Bartholow, Deputy Gen. Counsel, Railroad Retirement Bd., Chicago, Ill., for respondent; Edward S. Hintzke, Asst. Gen. Counsel, Stanley Jay Shuman, Gen. Atty., Railroad Retirement Bd., Chicago, Ill., of counsel.

David J. Lawler, Fort Dodge, Iowa, for petitioner.

Before HEANEY and FAGG, Circuit Judges, and HANSON,* Senior District Judge.

HEANEY, Circuit Judge.

Junior F. Pandil petitions this Court for review of a decision of the United States Railroad Retirement Board (Board) denying him a disability annuity under section 2(a)(1)(v) of the Railroad Retirement Act of 1974, 45 U.S.C. § 231a(a)(1)(v). The issues on appeal are (1) whether Pandil's petition for review was timely filed, and (2) whether the Board applied the correct legal principles in evaluating the adequacy of the evidence supporting the denial. We hold Pandil's petition was timely filed under 45 U.S.C. § 231g. Because we find the hypothetical question submitted to the vocational expert was improper, and because the appeals referee failed to shift the burden of proof to the Board after Pandil established he could not return to his railroad work, we remand this case to the Board for further proceedings.

Pandil was born on January 6, 1924. He worked over thirty years for the railroad, first as a supervising agent for the Chicago and Northwestern Railroad, and then as a bill clerk for the Illinois Central Gulf Railroad until he was laid off in March, 1975. He took a job as a tax auditor for the State of Iowa in November, 1976. On November 2, 1977, his spine was injured in an automobile accident. He underwent a cervical fusion at the Mayo Clinic on July 27, 1979. Pandil's treating physicians pinpoint the end of his convalescence as January 28, 1980.

Pandil's original application for a disability annuity was based on an inability to return to his regular railroad occupation under 45 U.S.C. § 231a(a)(1)(iv). The Board denied this application because Pandil did not have the "current connection" with his railroad employer necessary to receive benefits under that section. Pandil appealed this decision and a hearing was held before an appeals referee on August 13, 1980. The appeals referee considered whether Pandil was disabled for work in any regular occupation under 45 U.S.C. § 231a(a)(1)(v). She ruled that Pandil had shown total disability from the date of his automobile accident, November 2, 1977, to the date marking the end of his convalescence, January 28, 1980. Pandil appeals the portion of the decision finding no disability after this later date.

The Board contends Pandil's appeal is untimely. Section 8 of the Railroad Retirement Act of 1974, 45 U.S.C. § 231g, states that the "time within which proceedings for the review of a [Board] decision * * * may be commenced shall be one year after the decision will have been entered upon the records of the Board and communicated to the claimant." The Board sent Pandil a final decision by registered letter dated March 11, 1982. The return receipt for the letter indicates Pandil received it on March 18, 1982. Pandil's appeal was docketed March 15, 1983. The Board argues this appeal should be dismissed for lack of jurisdiction because the running of the appeal period commenced on the date the decision was mailed to Pandil and thus his petition for review was docketed three days late. We disagree.

Congress has chosen in other closely related statutes to specifically state that the running of the appeals period starts when the notice of a decision is mailed to the claimant. See 45 U.S.C. § 355(f) (Railroad Unemployment Insurance Act); 42 U.S.C. § 405(g) (Social Security Act). In fact, section 8 of the Railroad Retirement Act incorporates the appeals provision of the Railroad Unemployment Insurance Act except that the latter act has a shorter appeal period and begins the time for filing an appeal when the notice is mailed. 45 U.S.C. § 355(f). Congress thus specifically rejected the word "mailed" and chose instead the word "communicated" to designate the act triggering the time period for appeal from Railroad Retirement Board decisions. We hold that the Board's decision

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

was communicated to Pandil when he received the registered letter on March 18, 1982. Therefore, the petition docketed March 15, 1983, was timely.

We next turn to the merits of Pandil's arguments on appeal. The standards for determining disability under the Railroad Retirement Act are identical to those under the more frequently litigated Social Security Act. It is accepted practice to use Social Security cases as precedent for Railroad Retirement cases. *E.g., Abernathy v. Railroad Retirement Board,* 716 F.2d 529, 530 (8th Cir.1983); *Burleson v. Railroad Retirement Board,* 711 F.2d 861, 862 (8th Cir. 1983).

Pandil contends the hypothetical question submitted to the vocational expert at the hearing was improper. A proper hypothetical question may not assume that the claimant is capable of performing sedentary work. *Simonson v. Schweiker,* 699 F.2d 426, 430 (8th Cir.1983); *McGhee v. Harris,* 683 F.2d 256, 259 (8th Cir.1982); *Gilliam v. Califano,* 620 F.2d 691, 694 (8th Cir.1980). The purpose of consulting a vocational expert is to determine if jobs exist that a person with the claimant's particular physical limitations and degree of pain can perform. *See Tucker v. Schweiker,* 689 F.2d 777, 780 (8th Cir.1982). Thus, the questions posed "should precisely set out the claimant's particular physical and mental impairments." *Tennant v. Schweiker,* 682 F.2d 707, 711 (8th Cir.1982).

The hypothetical posed to the vocational expert at Pandil's hearing began, "If I find that the claimant's exertional limitations permit him to perform sedentary work * * *." Although the appeals referee went on to more specifically list Pandil's physical limitations, the initial assumption that Pandil could perform sedentary work tainted the expert's opinion. No evidence in the record, aside from the vocational expert's opinion, supports the conclusion that jobs exist which Pandil can perform. We there-

fore remand for a redetermination of this issue.

At the hearing, Pandil testified that the railroad had medically disqualified him from returning to his former jobs. Apparently, this testimony was undisputed[1] and should have shifted to the Board the burden of proving Pandil could do other regular work. *See, e.g., Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir.1983); *Tucker v. Schweiker, supra,* 689 F.2d at 779; *Tennant v. Schweiker, supra,* 682 F.2d at 710. Since it does not appear from the record that the appeals referee in fact shifted the burden, the case must be remanded on this ground as well.

In conclusion, because the vocational expert's testimony was based on a defective hypothetical and because the appeals referee apparently misplaced the burden of proof, we remand Pandil's case to the Board for further proceedings.

---

1. Two hearings were held in this case because of a tape malfunction at the first hearing. The record contains a recollection from the appeals referee in the first hearing that the vocational expert testified Pandil could return to his former work. We do not regard this recollection as evidence.