Vincent D. BOWMAN, Petitioner,

v.

RAILROAD RETIREMENT
BOARD, Respondent.

No. 91–1268.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1991.

Decided Dec. 24, 1991.

Prudence Kramer, St. Louis, Mo., for petitioner.

Rachel Simmons, Chicago, Ill., argued (Edward S. Hintzke, on brief), for respondent.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

McMILLIAN, Circuit Judge.

Vincent D. Bowman ("petitioner") appeals from a decision of the Railroad Retirement Board ("Board") finding petitioner not disabled, as defined in 45 U.S.C. § 231a(a)(1)(v), and thus not eligible for a Railroad Retirement annuity. For reversal, petitioner argues that the Board's decision is not supported by substantial evidence. Specifically, petitioner argues that the Board erroneously adopted the hearings officer's findings that (1) his testimony and the reports of his consulting physi-

cian were noncredible and (2) the Board met its burden of proving he is able to perform jobs available in the national economy. After reviewing the record in its entirety, we hold that there is substantial evidence supporting the Board's ruling and therefore deny the petition for review.

## Background

On September 16, 1987, petitioner filed an application for an employee disability annuity under the Railroad Retirement Act. The Board's Bureau of Retirement Claims denied the application. Petitioner requested a reconsideration and his request was denied. Petitioner then filed an appeal with the Board's Bureau of Hearings and Appeals. A hearing was held on June 20, 1989, at which petitioner and a vocational expert testified. By written decision dated September 26, 1989, the hearings officer affirmed the denial of petitioner's application for a disability annuity. On August 13, 1990, the Board affirmed and adopted the decision of the hearings officer. *Bowman v. Railroad Retirement Board*, No. A–492–40–6701 (Aug. 13, 1990). This petition for review followed.

Petitioner, age 49 at the time of the hearing, is a high school graduate who worked for the Burlington Northern Railroad as a trainman and conductor from July 1967 to 1978. From May 1979 to September 1987, petitioner had various non-railroad jobs, each involving some amount of manual labor. Since September 1987, petitioner has not been employed. During his employment with the railroad, petitioner sustained work-related injuries, including a back injury which led to disc surgery in 1977. Petitioner claims that these injuries, in part, have caused his disability.

At the June 1989 hearing, petitioner testified that he has pain in many parts of his body. He testified that he has pain in both knees, both shoulders, both elbows, his right ankle, his left hand, and his knuckles. He testified that he has a dull aching pain in his lower back, cramping in his legs, and a stiff neck. Petitioner also testified that

he has difficulty walking, bending, stooping, and lifting.

The record from the June 1989 hearing also contains medical evidence, from both treating and consulting physicians, dating back to the time of petitioner's back surgery in October 1977. Included, for example, are correspondence and reports by Dr. Julio del Castillo, the physician who performed petitioner's back surgery and was petitioner's treating physician during subsequent hospitalizations in 1978 and 1980 for recurring back pain. Reports prepared by Dr. George Kerkemeyer, petitioner's treating physician during and after a 1987 hospitalization for delirium and gastroenteritis (conditions apparently unrelated to the back injury), are in the record. Also included are a report by Dr. Udaya N. Dash, who examined petitioner in February 1988 at the request of the Board, and a report by Dr. Joseph Hanaway, who examined petitioner and reviewed his medical history in November 1988 at the request of petitioner's attorney.

In letters written in 1977, Dr. del Castillo, petitioner's treating physician at the time, reported that petitioner should be limited to doing "light work," with restrictions on lifting, bending, pushing, and pulling. The Board's consulting physician, Dr. Dash, concluded in his 1988 report that "[petitioner's] disability is due to chronic low back syndrome, degenerative arthritis of the right knee and possible degenerative arthritis of both shoulders." Dr. Dash further stated "[petitioner] is unable to manage any type of work that requires heavy lifting and constant stooping and bending." Later that year, petitioner's consulting physician, Dr. Hanaway, reported "[petitioner] is permanently disabled from any heavy work and would simply be an unreliable employee because of his multiple problems."

Petitioner also testified at the June 1989 hearing regarding his daily activities. He testified that he takes a hot shower every morning for 30–45 minutes. He occasionally drives; for example, he will drive to the post office, to the store, or to visit friends. His other activities include watching television, tinkering with his car, gardening, riding a stationary bicycle for short periods once or twice a day, and occasionally deer hunting.

## Discussion

■ Under the Railroad Retirement Act, individuals who have met the required number of years with a railroad are eligible for an annuity if they have a "permanent physical or mental condition ... such that they are unable to engage in any regular employment." 45 U.S.C. § 231a(a)(1)(v). "The standard used to determine inability to engage in any regular employment [under 45 U.S.C. § 231a(a)(1)(v)] is the same as that used to determine disability under the Social Security Act." *Romaker v. Railroad Retirement Board,* 733 F.2d 639, 641 (8th Cir.1984) (citations omitted). "It is accepted practice to use Social Security cases as precedent for Railroad Retirement cases." *Pandil v. Railroad Retirement Board,* 724 F.2d 705, 707 (8th Cir.1984) (*Pandil*).

Under the Social Security guidelines ("guidelines"), the hearings officer makes a disability determination by following a sequence of required findings. *See Heckler v. Campbell,* 461 U.S. 458, 460–61, 103 S.Ct. 1952, 1953–54, 76 L.Ed.2d 66 (1983); *McCoy v. Schweiker,* 683 F.2d 1138, 1141 (8th Cir.1982). In making this determination, the hearings officer must first determine whether the claimant is engaged in substantial gainful activity; if so, the claimant is not disabled. If the claimant is not engaged in substantial gainful activity, the hearings officer must determine whether the claimant is suffering from a severe impairment such that the claimant cannot perform basic work-related functions. If the claimant has one of the severe impairments listed in Appendix 1 to subpart P of the guidelines, the claimant is conclusively disabled. 20 C.F.R. pt. 404, subpt. P, app. 1 (1990). If the claimant does not have one of the listed impairments, the next inquiry is whether the claimant can perform past relevant work; if so, the claimant is not disabled. If the claimant cannot perform past relevant work, the final question is whether there is any regular employment

the claimant can perform, taking into consideration: (1) the claimant's residual functional capacity and his or her age, education and work experience; and (2) the availability of jobs in the national economy which a person of the claimant's limitations and qualifications can perform. *See Heckler v. Campbell*, 461 U.S. at 460–61, 103 S.Ct. at 1953–54; *McCoy v. Schweiker*, 683 F.2d at 1141.[1]

In the present case, the hearings officer found that none of petitioner's impairments, individually or in combination, equalled or met any of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Although petitioner could not perform his past relevant work, the hearings officer found that petitioner retained the residual functional capacity to do sedentary work. The hearings officer found that petitioner was 50 years old,[2] had a high school education and had a skilled work background. The hearings officer also found that "there are significant numbers of both unskilled and semi-skilled jobs remaining which [petitioner] can do." On this basis, the hearings officer denied petitioner's claim. The Board affirmed and adopted the decision of the hearings officer.

Petitioner argues that the hearings officer made erroneous findings and therefore the Board's decision to deny petitioner's application should be set aside by this court. For the reasons below, however, we hold that the Board's decision is supported by substantial evidence, is not arbitrary, and has a reasonable basis in the law. Accordingly, we deny the petition for review. *See, e.g., Williams v. Railroad Retirement Board*, 585 F.2d 341, 343 (8th Cir.1978) (cited in *Robinett v. Railroad Retirement Board*, 929 F.2d 1343, 1345 (8th Cir.1991)).

 The hearings officer recognized that "the central issue in [petitioner's] case is the extent of his pain." However, on the basis of petitioner's own testimony regarding his daily activities, as well as his medical treatment and reports, the hearings officer found petitioner's testimony noncredible to the extent petitioner claims his pain is completely disabling. Petitioner argues that this credibility determination was erroneous.

In reviewing the hearings officer's credibility findings, we must consider whether the hearings officer considered all of the evidence relevant to petitioner's complaints of pain and whether that evidence contradicted petitioner's account such that the hearings officer could justifiably discount petitioner's testimony for lack of credibility. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir.1987). Specifically, the hearings officer must

give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

1. the claimant's daily activities;

2. the duration, frequency and intensity of the pain;

3. precipitating and aggravating factors;

4. dosage, effectiveness and side effects of medication;

5. functional restrictions.

*Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir.1984). Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole, but may not be discounted solely on the basis of personal observations. *Id.*

The hearings officer considered, among other things, petitioner's own testimony regarding his daily activities, including driving a car, riding a stationary bicycle, working on his car, gardening, and occasionally deer hunting. The hearings officer also considered the fact that petitioner does not

---

1. The Board has the burden of proving petitioner's ability to perform other regular employment, based upon the factors stated. *Romaker v. Railroad Retirement Board*, 733 F.2d 639, 641 (8th Cir.1984); *Jones v. Railroad Retirement Board*, 614 F.2d 151, 154 n. 4 (8th Cir.1980).

2. Petitioner turned 50 years old after the hearing, but before the decision of the hearings officer was rendered.

take any prescribed pain medication[3] and had not received a doctor's attention on a regular basis within the twelve months prior to the hearing. The hearings officer found petitioner's subjective complaints of pain to be contradicted by evidence in the medical reports, including those of Dr. del Castillo, Dr. Kerkemeyer and Dr. Dash. By contrast, the hearings officer discounted Dr. Hanaway's report as not credible. Conflicts in the medical evidence are to be resolved by the hearings officer, not this court on review. *See Peppers v. Railroad Retirement Board,* 728 F.2d 404, 406 (7th Cir.1983). We hold that the hearings officer considered all the evidence relevant to petitioner's complaints of pain and was justified in discounting petitioner's testimony for lack of credibility.

■ Petitioner argues that the hearings officer erred in finding that he retained the residual functional capacity to perform sedentary work. Sedentary work is work which requires sitting, occasional walking and standing, and lifting no more than ten pounds. 20 C.F.R. § 404.1567(a) (1990). The hearings officer found that petitioner could perform sedentary work based upon evidence in the record, including petitioner's own testimony regarding his daily activities. Upon review of the entire record, we hold that the hearings officer's finding that petitioner has the residual functional capacity to perform sedentary work is supported by substantial evidence.

■ Petitioner also contends that the hearings officer erred in finding that a significant number of jobs in the national economy exist which petitioner is capable of performing. A vocational expert was consulted at the hearing to assist the hearings officer in making this determination. The hypothetical questions posed to the vocational expert did not assume petitioner's ability to perform sedentary work, but rather "precisely set out the claimant's particular physical and mental impairments," as required. *Pandil,* 724 F.2d at 707; *see also McGhee v. Harris,* 683 F.2d 256, 259 (8th Cir.1982). The hearings officer considered the vocational expert's testimony,

along with petitioner's age, work experience, education, and ability to do sedentary work, and found that jobs which petitioner is capable of performing exist in significant numbers in the national economy. We hold that this determination by the hearings officer is supported by substantial evidence in the record.

Accordingly, we deny the petition for review of the Board's order.

---

**3.** Petitioner does take four non-prescription pain relievers a day.