**Ross A. SOGER, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 91–3190.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1992.

Decided Sept. 8, 1992.

for a disability annuity under the Railroad Retirement Act. He asserts that the decision is not supported by substantial evidence. We affirm.

## I. BACKGROUND

Soger, who was born in 1955 and has the equivalent of a high school education, worked for the railroad from 1973 until January 1988, first as a section man and then as a section foreman. In February 1987, after suffering from lower back pain for some months, Soger underwent surgery for removal of a herniated intervertebral lumbar disc. The surgery, however, did not relieve his back pain. The Board determined that even after the operation, Soger continued to suffer from pain in his "lower back with limited spinal mobility, diminished right ankle reflex and X-ray changes of lumbosacral osteoarthritis." Petitioner's Addendum at 7 (Decision of the Hearings Officer). Because of these physical problems, the railroad dismissed him from his position in January 1988. Soger and the railroad later reached a compensation settlement of Soger's claim for damages as a result of his work-related injury.

In August 1988, Soger filed an application for an annuity under the Railroad Retirement Act, alleging a disability due to an injury in his lower back. The Act provides for payment of an annuity to "individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment." 45 U.S.C. § 231a(a)(1)(v) (1986). Soger's application was denied on the basis that his "condition [was] not severe enough to prevent performance of *any* regular and substantial work." Administrative Record at 68. Soger appealed the decision and two doctors were appointed to examine him. The first doctor, Matthew J. Eckman, M.D., examined Soger in June 1989. In his report, Dr. Eckman described Soger's complaints of pain and Soger's own account of his symptoms and limitations. Soger told Dr. Eckman, among other things, that "he has

Lionel Henry Peabody, Duluth, Minn., for petitioner.

Catherine C. Cook, Chicago, Ill. (Catherine C. Cook, Steven A. Bartholow, Edward S. Hintzke and Arthur A. Arfa, on brief), for respondent.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and MORRIS SHEPPARD ARNOLD,* District Judge.

BEAM, Circuit Judge.

Ross A. Soger appeals the Railroad Retirement Board's denial of his application

* The HONORABLE MORRIS SHEPPARD ARNOLD, United States District Judge for the Western District of Arkansas, sitting by designation. After this case was submitted, Judge ARNOLD was appointed to the Eighth Circuit Court of Appeals.

back pain from the mid back point into the lower thoracic area on down," that "[h]e gets constant spasms in his back," that "walking a ways gives him trouble," that "[h]is legs feel sort of weak to him and he gets charley horses in his calves and in his quadriceps muscles easily," which "primarily come on if he is active and doing things such as mowing the grass," and that "[i]f he sits for awhile and tries to fish in a boat it will bother him in the back and legs." Moreover, Soger reported that he has had to give up bowling and golfing, and shoveling snow, and that "[i]t also is a problem in lifting especially things such as his 40–pound little girl." Petitioner's Addendum at 14 (Report of Dr. Eckman).

The second doctor appointed to examine Soger was Steven Hansen, M.D. He examined Soger in July 1989. Dr. Hansen reported that Soger continued to complain of pain with any activity and noted that his subjective complaints of pain were impossible to quantify. *Id.* at 22 (Report of Dr. Hansen).

In August 1989, a hearing was held on Soger's eligibility for an annuity. Soger testified at that hearing. He testified that he is in constant pain and that he spends most of his time alternating sitting and standing. He lies down for one to two hours daily. His activities include making meals for himself and his daughter, occasionally mowing the lawn and walking with his daughter to a park five blocks from his home. He also uses the pool and whirlpool at a spa for one to two hours every day. He further testified that he does not take any medication for pain because he had been treated for drug and alcohol dependence and does not "believe in medicine." Administrative Record at 152 (Transcript of Hearing). He testified that use of a TENS unit relieved some pain but that he had not purchased a unit because its cost was prohibitive. *Id.*

In December 1989, a hearings officer affirmed the initial decision to deny Soger's application for an annuity. The hearings officer found that although Soger had a "severe impairment of the lumbosacral spine" and was "unable to do his past work," "[h]e has the capacity for light work" and "[i]n view of [Soger's] age, education and previous work experience he is not disabled under the Railroad Retirement Act." Petitioner's Addendum at 27 (Decision of the Hearings Officer). Soger appealed the hearings officer's decision to the Railroad Retirement Board. In October 1990, the Board adopted and affirmed the decision of the hearings officer. Administrative Record at 4 (Decision of Railroad Retirement Board).

## II. DISCUSSION

■ Section 2(a)(1)(v) of the Railroad Retirement Act, 45 U.S.C. § 231a(a)(1)(v), provides for an annuity for "individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment." This disability provision is analogous to the disability provisions of the Social Security Act, 42 U.S.C. §§ 301 *et seq.* The regulations governing social security disability cases, 20 C.F.R. §§ 404.1501 *et seq.,* may be used by the Board in evaluating disability under the Railroad Retirement Act. *See Arp v. Railroad Retirement Bd.,* 850 F.2d 466, 467 n. 2 (8th Cir.1988). Accordingly, we evaluate this case with reference to social security case law.[1]

■ Our task on review is to determine if the Board's decision is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law. *Williams v. United States R.R. Retirement Bd.,* 585 F.2d 341, 343 (8th Cir.1978). In our review of the evidence, we must also take into account whatever in the record fairly detracts from its weight. *Cline v. Sullivan,* 939 F.2d 560, 564 (8th Cir.1991).

■ As stated, it is not our task to review the evidence and make an independent decision. Nor is it our task to reverse the holding of the hearings officer simply be-

1. Subsequent to its consideration of this case, the Board issued its own disability regulations, which are substantively identical to the Social Security regulations. *See* 20 C.F.R. § 220.1, *et seq.* (1992).

cause there is evidence in the record that contradicts his findings. The test, we emphasize, is whether there is substantial evidence in the record as a whole which supports the decision of the hearings officer. In this case, substantial evidence supports his decision.

Soger argues on appeal that the hearings officer failed to properly consider his subjective complaints of pain, improperly consulted the Medical–Vocational Guidelines, and failed to fully develop the record.

Under the social security guidelines, a hearings officer makes a sequential determination. *See Heckler v. Campbell*, 461 U.S. 458, 460–61, 103 S.Ct. 1952, 1953–54, 76 L.Ed.2d 66 (1983). The hearings officer must first determine whether the claimant is engaged in substantial gainful activity; if so, the claimant is not disabled. *Bowman v. Railroad Retirement Bd.*, 952 F.2d 207, 209 (8th Cir.1991). If the claimant is not engaged in substantial gainful activity, the hearings officer must determine whether the claimant is suffering from a severe impairment such that the claimant cannot perform basic work-related functions. *Bowman*, 952 F.2d at 209. If the claimant has one of the severe impairments listed in Appendix 1 to Subpart P of the guidelines, the claimant is conclusively disabled. *Id.*, 20 C.F.R. pt. 404, subpt. P, app. 1 (1990). If the claimant does not have a listed impairment, the hearings officer must determine if he can perform his past relevant work. If so, the claimant is not disabled. *Id.* If not, the final determination is whether there is any regular employment the claimant can perform, taking into consideration: (1) the claimant's residual functional capacity and his or her age, education and work experience; and (2) the availability of jobs in the national economy which a person of the claimant's limitations and qualifications can perform. *Id.* at 209–10.

When the determination hinges on an evaluation of subjective complaints (such as pain), the hearings officer must evaluate the claimant's subjective complaints with reference to the standards set forth in *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir.1984). Specifically, the hearings officer must give full consideration to all related evidence, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Id.* Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole, but may not be discounted solely on the basis of personal observation. *Id.* Credibility determinations must be supported by substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

In the present case, the hearings officer found that none of Soger's impairments met or equaled any of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1 of the social security regulations. Although Soger could not perform his past relevant work, the hearings officer found that Soger retained the residual functional capacity to perform the full range of light work.

Soger argues that, in making this determination, the hearings officer did not properly consider his subjective complaints of pain. While there is little doubt that Soger experiences pain, the question we must address is whether the pain is so severe that he cannot perform any light or sedentary work. *See Robinson v. Sullivan*, 956 F.2d 836, 839 (8th Cir.1992). The record shows that the hearings officer considered and rejected Soger's complaints of incessant and excruciating pain. In making this credibility determination, the hearings officer noted that Soger's activities were not consistent with constant and severe pain. Soger testified that he mows the lawn, shops and walks his daughter to the park. He also testified that he refused to take any pain medication and failed to consult a

pain clinic even though it had been suggested by his physician.[2] On the basis of that testimony, coupled with Soger's medical treatment and reports, the hearings officer concluded that Soger's complaints of severe and disabling pain were not credible to the extent asserted.[3] We find the hearings officer's determination is supported by substantial evidence on the record as a whole.[4]

 Soger further argues that the hearings officer erred in applying the Medical–Vocational Guidelines to him without soliciting testimony from a vocational expert. If a claimant is found to have only exertional impairments, the Board may meet its burden of proving there is work in the national economy that the claimant can perform by referring to the Medical–Vocational Guidelines. *Robinson*, 956 F.2d at 841. But if the claimant is also found to have non-exertional impairments that diminish the claimant's capacity to perform the full range of jobs listed in the Guidelines, the Board must solicit testimony from a vocational expert to establish that there are jobs in the national economy that the claimant can perform. *Id.* Since the hearings officer explicitly discredited the subjective complaints of pain, the hearings officer properly refused to supplement the Guidelines. *Id.; see also Martin v. Railroad Retirement Bd.*, 935 F.2d 230, 234 (11th Cir.1991).

We have also considered Soger's argument that the hearings officer failed to fully develop the record and find it lacks merit. The record shows that the hearings officer ordered a consultative psychiatric examination and properly considered its results.

**2.** There was no showing that Soger's fear of addiction was reasonable. *See, e.g., Stith v. United States R.R. Retirement Bd.*, 902 F.2d 1284, 1288 (7th Cir.1990) (substantial evidence supported Board's conclusion that claimant could perform sedentary work without becoming addicted to pain killers).

**3.** Although the hearings officer did not expressly cite the *Polaski* factors, we are satisfied that his analysis encompassed those factors.

### III. CONCLUSION

For the reasons stated, the decision of the Railroad Retirement Board is affirmed.

**4.** Soger also argues that the hearings officer did not consider the effects of his back problems combined with his knee problems. The record shows that the hearings officer considered the knee problems but found "[t]here is no evidence to show that the condition of the appellant's knee significantly limits his ability to perform any basic work activities." Petitioner's Addendum at 8 (Decision of Hearings Officer).