980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John W. BROOKS, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 92-1970.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 28, 1992.
Filed: November 23, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John W. Brooks petitions for review of the Railroad Retirement Board's denial of his application for a disabled child's annuity under the Railroad Retirement Act. He argues that the decision is not supported by substantial evidence. Upon careful review of the record, we affirm.
 
 
 2
 Because the disability provision of the Railroad Retirement Act is analogous to the disability provision of the Social Security Act, we evaluate this case with reference to Social Security case law. See Soger v. Railroad Retirement Bd., 974 F.2d 90, 92 (8th Cir. 1992). Brooks has the burden to prove (1) that a disability existed before his twenty-second birthday and (2) that the disability continued until the date of application for benefits. See Anderson v. Heckler, 726 F.2d 455, 456 (8th Cir. 1984). Under the Social Security Act disability means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). The existence of such "physical or mental impairment" must be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques[,]" and the overall burden of proof rests upon the claimant. 42 U.S.C. §§ 423(d)(3), (d)(5)(A). "Our task on review is to determine if the Board's decision is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law. In our review of the evidence, we must also take into account whatever in the record fairly detracts from its weight." Soger, 974 F.2d at 92 (citations omitted).
 
 
 3
 We agree with the hearings officer that, while Brooks may now suffer from severe psychological and emotional impairments, he failed to prove the existence of this disability prior to age twenty-two. It is undisputed that Brooks has not produced any clinical, diagnostic evidence as to his mental retardation and autism prior to age twenty-two, except for the psychotherapist's report, which is not supported by any clinical findings as required by 20 C.F.R. § 404.1513 (1992). See also Elzy v. Railroad Retirement Bd., 782 F.2d 1223, 1225 (5th Cir. 1986) (per curiam) ("the weight to be given a physician's statement is dependent upon the extent it is supported by specific clinical findings"); Peppers v. Railroad Retirement Bd., 728 F.2d 404, 406 (7th Cir. 1983) (per curiam) ("Board ... is not bound by a physician's conclusion as to disability, especially when not supported by specific clinical findings").
 
 
 4
 We reject Brooks's argument that the hearings officer should have given more credence to the testimony of Brooks's family members. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (lay testimony is not equivalent to medically acceptable diagnostic techniques that are ordinarily relied upon to establish disability); Lieberman v. Califano, 592 F.2d 986, 92 (7th Cir. 1979) (lay opinion of claimant's brother does not overcome defects in medical evidence especially because he was an interested party). The hearings officer did not place too much emphasis on Brooks's high school grades, and considered Brooks's mental impairments singly and in combination with his respiratory disorder. Because Brooks did not meet his burden to show the existence of a disability, the burden did not shift to the Board to prove that there was work available that Brooks could have performed prior to age twenty-two. This is not a case where Brooks is claiming disability benefits as an employee under the Social Security Act or the Railroad Retirement Act and has established that he could no longer do his past work. See Robinett v. Railroad Retirement Bd., 929 F.2d 1343, 1345 (8th Cir. 1991).
 
 
 5
 Accordingly, we affirm.