Debbie TEAGUE, Petitioner,

v.

RAILROAD RETIREMENT
BOARD, Respondent.

No. 92–2067.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 25, 1992.

Decided Dec. 30, 1992.

Thomas H. McGowan, Little Rock, AR, for petitioner.

Catherine C. Cook, Steven A. Bartholow, Edward S. Hintzke and Stanley Jay Shuman, Railroad Retirement Bd., Chicago, IL, for respondent.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BEAM, Circuit Judge.

Debbie Teague petitions for review of the Railroad Retirement Board's denial of her application for a disability annuity un-

der the Railroad Retirement Act. We reverse and remand for further proceedings.

Following a hearing, the hearings officer determined that the evidence established that Teague suffered from general pain, primarily in her back and legs, and numbness in her legs, due to degenerative disc disease with S1 radiculopathy and fibrositis. He found that Teague was also afflicted with chronic pain syndrome and experienced a degree of anxiety and depression. He found that Teague could not perform her past relevant work as a steno clerk because "[w]hile she was primarily seated, there was a need for bending, or to walk in the railroad yards to obtain supplies, or perform various duties," but that she had the residual functional capacity to perform work entailing no more than ten to fifteen pounds of lifting, three hours of sitting at a time and a total of six hours of sitting in an eight-hour day, and no climbing, kneeling, stooping, crouching, or major vibrations. He further found that Teague's mental and emotional condition would suggest she not work in a high stress job situation.

The hearings officer recognized that the burden shifted to the Board to show that work existed which Teague could perform. He asserted that vocational testimony established that there were sedentary clerical and typing jobs and a broad range of cashier jobs which Teague could perform. He found that "the Board carried its burden of proof in demonstrating that [Teague was] not disabled for all regular work."

■ Because the disability provision of the Railroad Retirement Act is analogous to the disability provision of the Social Security Act, this court evaluates this case with reference to social security case law. *See Soger v. Railroad Retirement Bd.,* 974 F.2d 90, 92 (8th Cir.1992). We may reverse the Board's decision if it is not based on substantial evidence. *See Miller v. Sullivan,* 953 F.2d 417, 418 (8th Cir.1992).

■ We conclude that the hearings officer failed to consider properly Teague's subjective complaints of pain. "When the determination hinges on an evaluation of subjective complaints (such as pain), the hearings officer must evaluate the claimant's subjective complaints with reference to the standards set forth in *Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984)." *Soger,* 974 F.2d at 93. The record shows that the hearings officer discounted the severity of Teague's complaints without considering her prior work record of fourteen years for the railroad, or observations by third parties or her treating physicians regarding the duration, frequency, and intensity of her pain or her precipitating and aggravating factors. The hearings officer considered the remaining *Polaski* factors in only general terms, stating that Teague's "allegations of restrictions and use of medication are quite beyond the clinical findings and circumstances presented" and "her activities do not suggest less than at least some capacity for sedentary work." He did not specify which "clinical findings," what "circumstances presented," or what "activities" he was referring to.

■ Because the hearings officer decided Teague could not return to her past relevant work, he properly shifted the burden to the Board to show that Teague was able to engage in work in the national economy. *See McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc). We conclude, however, that the hearings officer presented to the vocational expert a flawed hypothetical which produced his ultimate finding that Teague could engage in work. It described an individual who could occasionally bend, kneel, crouch, stoop, and crawl; yet, in his written decision, the hearings officer found that Teague's impairments would permit no climbing, kneeling, or crouching. Thus, the vocational expert never considered the combination of impairments that the hearings officer found Teague possessed, and therefore, could not have testified as to whether there was work in the national economy that a person with these impairments could perform. We instruct the hearings officer on remand to fully consider the *Polaski* factors and to pose to a vocational expert hypothetical questions based on proper findings.

Accordingly, we reverse and remand the case to the Railroad Retirement Board for

further proceedings consistent with this opinion.