991 F.2d 807
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry J. ZAPPANTI, Jr., Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 92-9547.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1993.
 
 Before McKAY, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Larry J. Zappanti, Jr. petitions for review of the Railroad Retirement Board's denial of his application for a disability annuity, pursuant to 45 U.S.C. § 231a(a)(1)(v)(1986). Claimant worked as a track foreman and a supervisor until he sustained a back injury. He has not worked since April 28, 1989, due to pain in his back and legs. His application was denied on initial consideration and on reconsideration. After a hearing held August 29, 1991, before a hearings officer, the hearings officer determined claimant was not disabled, and denied benefits. The Board adopted the hearing officer's decision, one member dissenting. We affirm.
 
 
 3
 Claimant alleges on appeal (1) the Board improperly disregarded the opinion of claimant's treating physician, (2) the Board did not meet its burden of proving there are a significant number of "modified sedentary" jobs available in the national economy claimant can perform, and (3) the Board's decision to deny benefits is not based on substantial evidence.
 
 
 4
 We apply similar standards in reviewing a claim for a disability annuity under the Railroad Retirement Act as those applied to determine disability under the Social Security Act. Teague v. Railroad Retirement Bd., 982 F.2d 303, 304 (8th Cir.1992); Simmons v. United States R.R. Retirement Bd., 982 F.2d 49, 54 (2d Cir.1992); Lambert v. Railroad Retirement Bd., 929 F.2d 1197, 1200 (7th Cir.1991). "We review the Board's decision denying disability benefits to determine whether it is supported by substantial evidence." Lambert, 929 F.2d at 1200; accord Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1500 (10th Cir.1992). Substantial evidence has been defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). Our duty is to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987). We cannot, however, reweigh the evidence or substitute our judgment for that of the Board. Hamilton, 961 F.2d at 1500.
 
 
 5
 The Board has established a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 220.100(b)(1992). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Id. The burden of proof is on the claimant through step four; then it shifts to the Board. See Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989).
 
 
 6
 Here, the Board determined at step four that claimant could not return to his former work as a railroad track supervisor. The Board then concluded at step five that claimant retained the residual functional capacity for a full range of sedentary work that exists in significant numbers in the national economy.
 
 
 7
 Claimant first contends the hearing officer improperly disregarded the opinion of claimant's treating physician that claimant could sit for only four hours a day. Claimant also argues substantial evidence cannot be provided by the opinion of the consulting physician engaged by the Board. The treating physician's views may not be disregarded unless specific, legitimate reasons are given for doing so. Reyes v. Bowen, 845 F.2d 242, 244-45 (10th Cir.1988). The treating physician's opinion generally is entitled to greater weight than that of a consulting physician hired by the Board. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987). A treating physician's opinion may be rejected, however, if it is "brief, conclusory, and unsupported by medical evidence." Id.
 
 
 8
 Here, claimant's treating physician submitted a report dated February 4, 1991, concluding that claimant "is disabled for manual labor. He is disabled for any type of job that would require him to bend, lift or push over 15 pounds." Admin.Record, Doc. 19 at 105. Claimant objects to the Board's rejection of the treating physician's September 16, 1991, opinion that claimant could not sit for more than four hours a day. See Admin.Record, Doc. 23 at 130. The hearings officer recognized the September 16 opinion that claimant could not sit for more than four hours a day was based on the same medical findings as the February 4 report in which no sitting restriction was noted. Because the September 16 opinion on claimant's ability to sit is brief, conclusory, and unsupported by medical findings that distinguish it from the February 4 report, the hearings officer was authorized to disregard it. The hearings officer did not elevate the opinion of the consulting physician over that of the treating physician. Therefore, we perceive no error in the Board's application of the medical evidence.
 
 
 9
 Claimant next alleges the Board erred in concluding he was able to perform a full range of sedentary work. He claims that finding is contrary to the vocational assessment report prepared at the request of claimant's employer by ERGOS that concluded claimant was able to perform "modified sedentary" work. Claimant cites no authority requiring the Board to accept the ERGOS opinion to the exclusion of other evidence.
 
 
 10
 The hearings officer stated he considered all of the testimony given at the hearing and all of the documentary evidence; therefore, we must assume he did so. See Hamilton, 961 F.2d at 1500. Moreover, subjective complaints of pain are to be evaluated by the hearings officer in light of the medical evidence and claimant's credibility. See Ellison v. Sullivan, 929 F.2d 534, 537 (10th Cir.1990); see also Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988) (hearing officer's credibility determinations generally binding on review). Disability requires more than an inability to work free of pain. Gossett, 862 F.2d at 807.
 
 
 11
 We have reviewed the entire record, and we determine the hearing officer's conclusion that claimant can perform a full range of sedentary work is supported by substantial evidence. Therefore, the Board was not required to identify "modified sedentary" jobs available to claimant. Based on the finding that claimant could perform a full range of sedentary work, 20 C.F.R. Pt. 220, App. 2, Table No. 1, rule 201.28 (1992), directs a conclusion that claimant is not disabled.
 
 
 12
 The petition for review is DENIED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3