996 F.2d 1221
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Charlene E. COOPER, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 92-3625.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 11, 1993.
Filed: June 21, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charlene Cooper petitions for review of the Railroad Retirement Board's (RRB) denial of her application for a disability annuity under the Railroad Retirement Act and for a period of disability under the Social Security Act. For reversal, Cooper argues the hearings officer substituted his own evaluation of her medical problems for the ultimate findings of physicians without discrediting their reports. She also argues the hearings officer did not adequately consider her insomnia, her subjective complaints of pain, the side effects of her medication, and the severe impairment of her right ankle. Upon careful review of the record, we affirm.
 
 
 2
 The hearings officer acknowledged Cooper's severe left ankle impairment, dysthymic disorder, and controlled hypertension and headaches, but found no medically acceptable evidence of a severe back condition and determined she was able to perform low-stress sedentary clerical work. The RRB upheld this decision. "Our task on review is to determine if the Board's decision is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law." See Soger v. Railroad Retirement Bd., 974 F.2d 90, 92 (8th Cir. 1992). "Conflicts in the medical evidence are to be resolved by the hearings officer, not this court on review." Bowman v. Railroad Retirement Bd., 952 F.2d 207, 211 (8th Cir. 1991).
 
 
 3
 We conclude the hearings officer did not substitute his medical conclusions for those of the physicians, but instead resolved the conflicts in the medical evidence against Cooper. The RRB is not bound by a physician's conclusion as to disability, particularly when it is not supported by specific clinical findings. See Peppers v. Railroad Retirement Bd., 728 F.2d 404, 406 (7th Cir. 1983) (per curiam). Although two consulting doctors, each of whom examined Cooper on one occasion, found her to be disabled, Cooper's treating physician and other doctors who treated her regularly were more optimistic. The report of a consulting physician who examined a claimant only once does not constitute substantial evidence, particularly when contradicted by the evaluation of a claimant's treating physician. See Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir. 1988).
 
 
 4
 Although there was evidence of Cooper's insomnia and its treatment with medication, no doctor suggested at any time that Cooper needed to nap during the day. In addition, the hearings officer's decision to discredit the extent of her subjective complaints of pain was supported by substantial evidence. Several doctors described Cooper's complaints as "vague" or as "moving around." Her own testimony conflicted with her statements to various physicians as to the extent of her daily activities. The hearings officer took into account Cooper's side effects from medication. Finally, one doctor's brief reference to a right ankle impairment does not constitute substantial evidence, and we agree with the RRB that this was probably a typing error in any event because the doctor then gave detailed x-ray findings concerning the left ankle. In forming a hypothetical question, the hearings officer must only include those impairments which he accepts as true and which are supported by substantial evidence in the record. See Rautio v. Bowen, 862 F.2d 176, 180 (8th Cir. 1988).
 
 
 5
 Accordingly, the judgment is affirmed.