**Harry C. SWIONTEK, Petitioner,**

v.

**RAILROAD RETIREMENT**
**BOARD, Respondent.**

No. 92–2933.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1993.

Decided Oct. 7, 1993.

Neil A. McEwen, Thief River Falls, MN, argued, for petitioner.

Marguerite P. Dadabo, Chicago, IL, argued, for respondent.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Harry C. Swiontek seeks review of the Railroad Retirement Board's denial of his application for a disability annuity under the Railroad Retirement Act.[1] He argues that the Board's decision is not supported by substantial evidence. We have carefully reviewed the record, and we affirm.

■ To receive occupational disability annuity under 45 U.S.C. § 231a(a)(1)(iv) (1988), a claimant must show that he can no longer perform his regular railroad work. The Railroad Retirement Board concluded Swiontek failed to meet this burden. We must determine "whether the Board's decision is supported by substantial evidence, is not arbitrary, and has a reasonable basis in the law." *Williams v. United States R.R. Retirement Bd.,* 585 F.2d 341, 343 (8th Cir.1978); *see*

*Soger v. Railroad Retirement Bd.,* 974 F.2d 90, 92 (8th Cir.1992). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). Conflicts in the evidence are resolved by the Board, not this court. *Bowman v. Railroad Retirement Bd.,* 952 F.2d 207, 211 (8th Cir.1991); *Freels v. United States R.R. Retirement Bd.,* 879 F.2d 335, 339 (8th Cir.1989).

■ Swiontek worked as a railroad traveling agent until October 1986. This job required him to sit for six hours a day, walk for one hour and stand for one hour. He processed paperwork, used office machinery and lifted 30–pound paper bundles approximately four times a day. Additionally, he inspected the inside of railroad cars, which he stated required substantial exertion. He contends that numerous physical ailments prevented him from continuing his duties. His asserted injuries include back and neck problems, a weakened right side, arthritis, bursitis and a shortened right leg resulting from a congenital defect.

We conclude there was sufficient evidence on the record to support the Board's denial of benefits. Before leaving his railroad job, Swiontek personally did the work in remodeling his home. There was evidence supporting the Board's conclusion that he left his railroad job because of an office dispute, not his health; and thereafter worked as a part-time, seasonal farm laborer. This job required driving farm equipment, as well as light labor such as lifting, shoveling and digging. His hobbies include tearing down old buildings and using the lumber to build sheds. He mows his yard and tends a small garden. Swiontek has not sought regular medical treatment for his injuries, and requires only occasional aspirin for pain. This evidence supports the Board's determination that, whatever the extent of Swiontek's injuries, he was not permanently unable to continue his work. *See Soger,* 974 F.2d at 93–94 (outdoor activities and lack of pain medi-

---

1. Swiontek does receive age and service benefits under 45 U.S.C. § 231a(a)(1)(ii) (1988), but this is immaterial to the issues before us.

cation inconsistent with asserted constant and severe pain); *Rautio v. Bowen,* 862 F.2d 176, 179 (8th Cir.1988) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.").

There is no reason to engage in a detailed discussion of the conflicting medical evidence presented to the hearing officer. Although Swiontek's evidence suggested otherwise, the Board-ordered evaluation by Dr. J.W. Miller fully supported the hearing officer's determination of no permanent disability. Moreover, we accept the Board's determination that Swiontek's contrary medical testimony was largely unsupported by "objective medical evidence." *See Peppers v. Railroad Retirement Bd.,* 728 F.2d 404, 406 (7th Cir. 1983) (per curiam) ("Board ... is not bound by a physician's conclusion as to disability, especially when not supported by specific clinical findings.").

Accordingly, we affirm.