United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2558
_____

Kenneth W. Thompson,                    *
                                        *
              Petitioner,               *
                                        * Petition for Review from
       v.                               * Decision of the Railroad
                                        * Retirement Board.
Railroad Retirement Board,              *
                                        *   [UNPUBLISHED]
              Respondent.               *

_____

Submitted: December 22, 1997
Filed: December 31, 1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Kenneth W. Thompson petitions for review of the Railroad Retirement Board's (RRB) denial of his application for a disability annuity under the Railroad Retirement Act.

We affirm decisions of the RRB where the decision is supported by substantial evidence, has a reasonable basis in law, and is not arbitrary. See Bowman v. Railroad Retirement Bd., 952 F.2d 207, 210 (8th Cir. 1991). We use the same disability standard as under the Social Security Act, and we use Social Security case law as precedent. Id. at 209.

We conclude that the hearings officer gave proper consideration to Thompson's subjective complaints of pain.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (factors).  We further conclude that the hypotheticals posed to the vocational expert (VE) were proper, as they included Thompson's specific vocational characteristics and those functional restrictions accepted as true by the hearings officer. See Roberts v. Heckler, 783 F.2d 110, 112 (8th Cir. 1985) (per curiam) ("hypothetical is sufficient if it sets forth the impairments which are accepted as true").  Therefore, the VE's testimony constitutes substantial evidence supporting the hearings officer's decision.  See Bowman, 952 F.2d at 211 (hearings officer's conclusion was based on substantial evidence where he considered VE's testimony and claimant's specific characteristics in concluding claimant could perform other work).

Accordingly, we affirm the decision of the Railroad Retirement Board.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.