# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1424

_____

Robert A. Foster,       *
             *
      Petitioner,  *
             * On Petition for Review from the
  v.           * Railroad Retirement Board.
             *
Railroad Retirement Board,  *   [UNPUBLISHED]
             *
      Respondent. *

_____

Submitted: August 20, 2002

Filed: August 27, 2002

_____

Before HANSEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

PER CURIAM.


Robert A. Foster sought disability benefits under the Railroad Retirement Act, claiming he was permanently disabled as the result of a 1998 back injury. The hearing officer concluded Foster was not physically able to perform his previous job, but that he could perform other, more sedentary work. Foster appealed to the Railroad Retirement Board (the Board), which affirmed the hearing officer's decision. Foster now asks us to review the Board's decision. In doing so, we must determine whether the Board's decision "is supported by substantial evidence, is not arbitrary,

and has a reasonable basis in law." <u>Worms v. R.R. Ret. Bd.</u>, 255 F.3d 502, 505 (8th Cir. 2001).

First, Foster contends the Board's decision is based on an error of law because the Board failed to consider the factors listed in <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984), when it made factual findings about Foster's claims of pain and fatigue. <u>See</u> <u>Fountain v. R.R. Ret. Bd.</u>, 88 F.3d 528, 531 (8th Cir. 1996) (applying the <u>Polaski</u> standard in a railroad benefits case). Although the Board did not cite <u>Polaski</u>, it did consider the <u>Polaski</u> factors: it reviewed Foster's medical history, summarized his present physical activities–including walking two miles on a daily basis, and occasional hunting and fishing–and also observed that he could manage the pain he complained of with Tylenol. Having reviewed the medical evidence in the record as well as the hearing officer's determinations, the Board concluded: "Mr. Foster's allegations of disabling pain are also inconsistent with his daily routine and activities." <u>Robert A. Foster</u>, No. A-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, slip op. at 2 (RR. Ret. Bd. Mar. 20, 2001). We conclude this was an appropriate application of the <u>Polaski</u> factors, and we reject Foster's contention that the Board's evaluation was flawed as a matter of law.

Second, Foster claims the Board's decision is not supported by substantial evidence for three reasons. Foster argues the Board did not sufficiently consider his mental impairment; however, the Board considered professional evaluations of Foster's mental impairment, his academic and professional achievements, and his daily activities as well as his conduct. The Board then concluded that "although Mr. Foster's reading and writing skills may be limited, he is literate and does not suffer from a mental impairment that would preclude him from performing a wide range of sedentary work." <u>Id.</u> at 3. Next, Foster claims the Board placed too much weight on the testimony of a vocational expert that Foster could perform occupations that exist in significant numbers in the national economy. Foster's physical limitations were made clear to the expert, but Foster claims the expert's answer did not account for his

need to rest or his mental limitations. Because the question to the expert was based on the impairments the Board found Foster possessed, the expert's testimony is reliable. <u>See</u> <u>Teague v. R.R. Ret. Bd.</u>, 982 F.2d 303, 304 (8th Cir. 1992). Finally, Foster argues the Board did not properly consider his claims of pain and fatigue. As stated above, however, the Board thoroughly reviewed these claims by applying the <u>Polaski</u> factors. <u>See</u> <u>id.</u> We hold the Board's conclusion that Foster can perform sedentary work is supported by substantial evidence.

We thus affirm the Board's decision.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-