**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1643

ANTHONY J. SANSONE,

Petitioner,

v.

UNITED STATES RAILROAD RETIREMENT BOARD,

Respondent.

ON PETITION FOR REVIEW OF A DECISION OF
THE RAILROAD RETIREMENT BOARD

Before

Boudin, <u>Chief Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Lynch, <u>Circuit Judge</u>.

<u>Anthony J. Sansone</u> on brief pro se.
<u>Marguerite P. Dadabo</u>, Assistant General Counsel, and <u>Kelli D. Johnson</u>, General Attorney, on brief for respondent.

December 28, 2005

**Per Curiam.** Pro se petitioner Anthony Sansone petitions for review of the decision of the Railroad Retirement Board (Board) finding that he is not disabled and is not, therefore, entitled to a disability annuity under the Railroad Retirement Act, 45 U.S.C. § 231a(a)(1)(v). For the reasons explained below, we deny petitioner's petition.

In his petition for judicial review and brief, petitioner does not identify any specific errors of fact or law in the Board's decision. Nevertheless, we have reviewed the certified record in detail in order to determine whether substantial evidence exists to support the hearing officer's findings, and to ensure that there is no error of law.[1] 45 U.S.C. § 355(f). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 399 (1971) (quoting Consolidated Edison Co. v. NLRB. 305 U.S. 197, 229 (1938)).

Substantial evidence supports the hearings officer's determination that petitioner's impairments do not render him unable to engage in any regular employment within the meaning of 45 U.S.C. § 231a(a)(1)(v), and that he retains the residual functional capacity to perform sedentary clerical work. Petitioner's treating

---

[1] Because the Board affirmed and adopted the hearings officer's decision, on appeal we evaluate the judgment of the hearings officer. Dray v. Railroad Retirement Board, 10 F.3d 1206, 1210 (7th Cir. 1993) (unpublished table decision) (citing Hayes v. Railroad Retirement Board, 966 F.2d 298, 302 (7th Cir. 1992)).

physicians assessed his limitations in different and conflicting ways, one doctor finding petitioner totally impaired from walking and standing and able to sit for only 1 to 2 hours at a time, for example, while two others found no such limitations. The most detailed and comprehensive assessment in the record, including the only residual functional capacity assessment, was provided by the Board's examining physician, who determined that petitioner could sit six hours out of an eight hour day, and perform the tasks associated with sedentary work. Conflicts in the medical evidence are to be resolved by the hearings officer, not this Court on review. Bowman v. Railroad Retirement Board, 952 F.2d 207, 211 (8th Cir. 1991).

The hearings officer's determination also is supported by petitioner's own testimony. Petitioner testified that he experiences fatigue and does not move as quickly as he used to, but he gets up every day, has his coffee and reads, takes public transportation to the coffee shop to visit with friends, visits with his family, watches some television and videos, and assists with household chores such as vacuuming and washing pots and pans. Petitioner also testified that he takes a walk every other day and works out with three-pound dumbbells, and that he manages his diabetes with oral medication and treats his occasional pain with over-the-counter painkillers.

At the hearing, the vocational expert was impressed not just with petitioner's work experience, but also with his attitude. He offered his opinion, credited by the hearings officer, that petitioner is an "impressive candidate with an advantage over a typical 62 year-old in the labor market." Record at 11. Because we find no error of law and conclude that "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support" the hearing's officer's conclusion, Rodriquez v. Sec'y of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981), we **deny** the petition for review.